1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

4

5

6

7

8

9

SARA B. PASTORE,

Plaintiff,

v.

CALLISTER LAW, PLLC,
JONATHAN C. CALLISTER, ESQ.,

Defendants.

Case No. 2:20-cv-01959-RFB-EJY

**ORDER**
and
**REPORT AND RECOMMENDATION**

RE: Plaintiff's Complaint (ECF No. 2-1)

10      Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C.

11  § 1915 to proceed *in forma pauperis*.  ECF No. 2.  Plaintiff also submitted a Complaint attached to

12  her *in forma pauperis* application on October 21, 2020.  ECF No. 2-1.

13  **I.      *In Forma Pauperis* Application**

14      Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

15  and costs or give security for them.  ECF No. 2.  Accordingly, the request to proceed *in forma*

16  *pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's

17  Complaint.

18  **II.     Screening the Complaint**

19      Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

20  under 28 U.S.C. § 1915(e)(2).  When screening the complaint, a court must identify cognizable

21  claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

22  granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23  § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

24  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d

25  1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual

26  matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*,

27  556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss

28                                                          1

them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges a claim of age discrimination against Defendant. To sufficiently allege a *prima facie* case of discrimination in violation of the Age Discrimination in Employment Act to survive a § 1915 screening, Plaintiff "must show that (1) [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000). In screening Plaintiff's complaint and construing it liberally, the Court looks in part to the attachments provided. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint). Plaintiff's Complaint clearly alleges the *prima facie* elements of age discrimination. Thus, this is not a reason to recommend Plaintiff's Complaint not proceed.

Plaintiff does not attach a right to sue letter as she states one was not issued. ECF No. 2-1 at 5 and 9. More importantly, however, Plaintiff states that the EEOC denied proceeding on her claim because the employer had less than the requisite number of employees to fall within the ADEA's jurisdiction. *Id.* at 9. There is nothing provided by Plaintiff, however, that supports this conclusion.

An email from the EEOC also suggests that Plaintiff's claim may have been time barred. *Id.* at 14 This information is also unclear. Plaintiff's Complaint suggests she commenced efforts to file a charge before the time bar would apply. Thus, it may be that Plaintiff's claims are timely or untimely.

The Court therefore recommends dismissal of Plaintiff's Complaint without prejudice for Plaintiff to file an amended complaint that meets the jurisdictional requirements by including the date she commenced communication with the EEOC and whether her employer (whether singularly or together with a joint or co-employer) had "twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendant's conduct that constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2).

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 2-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. All facts and the basis for jurisdiction must be included in the amended complaint. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.  Order**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 2-1).

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that the Complaint (ECF No. 2-1) be dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order.  Failure to comply with this recommendation may result in a further recommendation that this action be dismissed with prejudice.

DATED this 10th day of November, 2020.


ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

4