UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SARA B. PASTORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALLISTER LAW, PLLC,<br>JONATHAN C. CALLISTER, ESQ.,<br><br>　　　　Defendants. | Case No. 2:20-cv-01959-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  Amended Complaint (ECF No. 8) |

**I.     Background**

Plaintiff is proceeding in this action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.  ECF No. 5.  On November 10, 2020, the Court issued a Report and Recommendation recommending dismissal of Plaintiff's age discrimination claim because her complaint failed to state a claim under the Age Discrimination in Employment Act ("ADEA" or the "Act").  *Id*.  The Court recommended Plaintiff be granted leave to file an amended complaint, which Plaintiff did on December 10, 2020. ECF No. 8.  While the Report and Recommendation has not yet been adopted, the Court screens Plaintiff's Amended Complaint pursuant to § 1915(e)(2) as this will allow an efficient resolution to whether Plaintiff may proceed on her claim.

**II.    Standard of Review**

The Court understands that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Federal courts have the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief may be granted, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pleaded factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Nonetheless, when a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions on how to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Plaintiff's Amended Complaint**

Like her original complaint, Plaintiff's Amended Complaint asserts a claim under the ADEA. ECF No. 8. Plaintiff states that her "initial contact with [the] EEOC" was on August 18, 2018, and reiterates that the EEOC did not issue a right to sue letter because her former employer had less than 20 employees. *Id*. at 2. Plaintiff cites to Exhibit A, emails attached to her Amended Complaint, in support of this allegation (ECF No. 8-1 at 2-4); however, Exhibit A does not address this issue. *Id*.

An August 20, 2018 email attached to Plaintiff's Amended Complaint is from Oswaldo Vizcaino, identified as an EEOC "Enforcement Support Asst." *Id*. at 3. In his email, Mr. Vizcaino states that the 300 day requirement for filing a charge "expires" on August 19, 2018, the day before the date on the email. *Id*. at 2. Mr. Vizcaino's email also sets August 27, 2018 as the date for Plaintiff's interview with the EEOC. *Id*. at 3. A completed EECO Form 5A is attached to Plaintiff's Amended Complaint showing Plaintiff signed the Form on August 20, 2018. *Id.* at 4. Plaintiff also states that she was terminated on October 23, 2017. *Id*.

Plaintiff does not allege she submitted Form 5A to the EEOC, but the Court infers she did so at her August 27, 2018 interview. Plaintiff also does not address the timeliness of her charge of discrimination, whether her former employer had at least 20 employees (as required in order for the

2

ADEA to apply to her claim) or whether she timely commenced this action. *See* ECF No. 8. Plaintiff nonetheless does state that her EEOC action was closed after her August 27, 2018 interview." *Id.* at 2.

**IV.     Discussion**

In order for the ADEA to provide Plaintiff with a cause of action, she must allege and ultimately prove that her employer employed "20 or more employees for each working day in each of 20 or more calendar weeks in the current calendar year or the preceding-year." 29 U.S.C. § 630(b). The Court previously advised Plaintiff of this law and that the ADEA would apply to her concerns only if her employer had the requisite number of employees in accordance with the Act's statutory requirements. ECF No. 5 at 2. Unfortunately, Plaintiff's Amended Complaint continues to fail to allege this necessary fact, which is fatal in her claim.

With respect to the timeliness of Plaintiff's action before this Court, there is insufficient information to determine whether Plaintiff's charge was initiated with the EEOC within 300 days of her termination, the event upon which she relies to claim age discrimination. However, even if the Court assumes her charge was timely filed, her original complaint was not and, for this reason, the Court recommends dismissing Plaintiff's Amended Complaint with prejudice.

The Court notes that Plaintiff's failure to attach a right to sue letter is not fatal to her claim as the ADEA does not require she receive a right to sue letter before filing suit in federal court. *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 563 (2d Cir. 2006). Instead, the law is clear that if the EEOC gives notice to an ADEA claimant that the EEOC is dismissing or otherwise terminating their proceeding, then "the claimant must file her federal suit within 90 days after receipt of" such notice. *Id.*; *see also* 29 U.S.C. § 626(e).[1] Plaintiff alleges the EEOC told her it closed her file after her August 27, 2018 interview with the Commission. ECF No. 8 at 2. The docket shows Plaintiff did

---

[1] 29 U.S.C. § 626(e) states: "Reliance on administrative rulings; notice of dismissal or termination; civil action after receipt of notice: Section 259 of this title shall apply to actions under this chapter. If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."

3

not commence this action until October 21, 2020 (ECF No. 1).  The lapse of time between August 27, 2018 and October 21, 2020 is far greater than 90 days.  Indeed, the lapse of time is more than two years.

As stated above, and in the Court's November 10, 2020 Report and Recommendation, Plaintiff's failure to allege that Plaintiff's former employer employed 20 individuals is fatal to her ADEA claim.  More importantly, however, even if the Court assumes Plaintiff could file a second amended complaint that includes an allegation that her employer employed 20 or more individuals as required, Plaintiff's failure to initiate her claim within 90 days notice that the EEOC had terminated her case bars her from pursuing her ADEA claim in federal court.  August 2018 and October 2020 are separated by substantially more than 90 days.  These facts lead the Court to conclude that Plaintiff's claim is time barred.

The Court notes that Plaintiff was given an opportunity to amend her complaint after a thorough analysis of her initiating complaint.  ECF No. 5 at 3-4.  Plaintiff's Amended Complaint not only fails to cure the defect identified, it also demonstrates that her original complaint was time barred.  The time bar precludes continuation of this dispute in federal court.

**V.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint be dismissed with prejudice as there is no amendment that will establish the necessary elements to bring Plaintiff's ADEA claim within the jurisdiction of the Court.

DATED this 8th day of February, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4

NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).