UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SARA B. PASTORE,<br><br>    Plaintiff,<br><br>v.<br><br>CALLISTER LAW, PLLC, JONATHAN C. CALLISTER, Esq.,<br><br>    Defendants. | Case No. 2:20-cv-01959-RFB-EJY<br><br>**ORDER** |

Before the Court for consideration are the Reports and Recommendations of the Honorable Elayna J. Youchah, United States Magistrate Judge, ECF Nos. 5 and 11, as well as Plaintiff's Objection to the Report and Recommendation, ECF No. 12.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

Plaintiff brings a series of claims against her employer, Callister Law, PLLC and Johnathan Callister, alleging a violation of the Age Discrimination in Employment Act ("ADEA"). Judge Youchah recommended that Plaintiff's Amended Complaint be dismissed with prejudice for two

reasons: (1) Plaintiff did not allege that her employer employed more than 20 employees pursuant to the requirement under 29 U.S.C. § 630(b) and (2) Plaintiff's complaint was not timely filed pursuant the ADEA's 90-day statute of limitations. See ECF No. 11. Plaintiff objects, arguing that the statute of limitations should be tolled because the EEOC failed to give Plaintiff adequate notice and because, even though Plaintiff's employer only had three employees including Plaintiff, recent case law obviated the ADEA's numerosity requirement. See ECF No. 12.

Upon review of the Report and Recommendation, the Court agrees with Judge Youchah's conclusion that because Plaintiff cannot allege or ultimately prove that her employer employed "twenty or more employees for each working day in each of the twenty or more calendar weeks…" 29 U.S.C. § 630(b). The threshold number of employees for application of Title VII is a required element of plaintiff's claim for relief. See Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). Plaintiff failed to allege and then conceded that her employer does not meet this requirement. See ECF No. 12. ("Since the plaintiff worked for Callister Law, PLLC who had only 3 employees including herself, she would not meet the requirement under 29 U.S.C. § 630(b)."). The recent case law referenced by Plaintiff does not obviate the ADEA's numerosity requirement in this context. See Mount Lemmon Fire Dist. v. Guido, 139 S. Ct. 22 (2018) (holding that that state and local governments were "employers" covered by the ADEA regardless of their size); Arbaugh, 546 U.S. 500 (holding that the numerosity requirement was not jurisdictional, but rather a required element of an ADEA claim). Because Plaintiff must establish that her employer employed at least twenty employees for the statute to apply to her claim and she cannot, Plaintiff's claim is properly dismissed.

Plaintiff also objects to the Report and Recommendation on the grounds that the circumstances of the EEOC's investigation should entitle her to equitably toll her claims. Because Plaintiff's failure to establish the numerosity element is dispositive of her ADEA claim, the Court does not reach the issues of timeliness or equitable tolling in this case.

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED** that the Report and Recommendation [ECF No. 11] is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that the Report and Recommendation [ECF No. 5] is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint is dismissed with prejudice as there is no amendment that will establish the necessary elements for Plaintiff's ADEA claim.

The Clerk of the Court is directed to close this case.

DATED: May 16, 2022.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**